UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAULA RHOADS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:04CV997SNL/TIA |
| ) | |
| JO ANNE BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Respondent. ) | |

# ORDER

This matter is before the Court on the United States Magistrate Judge's Report and Recommendation (#20), filed August 4, 2005. Petitioner has filed objections to said Report. *See*, Document #21, filed August 15, 2005.

In his Report, United States Magistrate Judge Terry I. Adelman thoroughly examines the evidence that was before the ALJ and concludes that the "substantial evidence on the record as a whole supports the ALJ's decision" to deny petitioner's claim for benefits. Petitioner objects to that portion of the Report in which the Magistrate Judge finds that "[D]r. Agasino's opinions were based primarily on Claimant's objective complaints and were not supported by clinical and diagnostic techniques or objective medical evidence." Document #20, pg. 22. Petitioner believes that this finding is in error and not supported by the weight of the evidence. She further believes that the ALJ was in error when he "discounted the report from Plaintiff's treating physician."

The Court has reviewed carefully the Magistrate Judge's Report and Recommendation (#20) and concurs with its findings. It is clear that the Magistrate Judge considered all the evidence on the record and found that objective medical evidence did not support the treating

physician's opinion. "Indeed, the records from claimant's treating physician, Dr. Agasino, do not contain clinical evidence of a disabling back condition during the relevant time period or any restrictions imposed by Dr. Agasino based on claimant's severe functional limitations." Document #20, pg. 22. Furthermore, the Magistrate Judge has properly set forth the applicable law in connection with the ALJ's duty when reviewing medical evidence, and the applicable standards regarding the weight and deference the ALJ is to give a treating doctor's opinion. Upon review of all evidence on the record, the ALJ properly determined that since credible objective medical evidence did not support Dr. Agasino's opinions, such opinions were not accorded controlling weight. Whereas, the credible subjective medical evidence did support Dr. Alias' opinion, such opinion was given controlling weight[1]. There is nothing in the Report which indicates to this Court that the Magistrate Judge was in error as to factual or legal findings in connection with the ALJ's decision nor was the ALJ in error in his original decision to deny benefits.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Terry I. Adelman (#20), filed August 4, 2005 be and is **SUSTAINED, ADOPTED** and **INCORPORATED** herein.

**IT IS FURTHER ORDERED** that the decision of the ALJ and/or Commissioner be and is **AFFIRMED.**

**IT IS FINALLY ORDERED** that this cause of action be and is **DISMISSED WITH PREJUDICE**.

---

[1] Dr. Susy Alias, a specialist in physical medicine and rehabilitation, who examined plaintiff in order to evaluate her in connection with a Range of Motion Values assessment.

Dated this __17th__ day of August, 2005.

                                             */s/ Stephen N. Limbaugh*
                                             SENIOR UNITED STATES DISTRICT JUDGE